**Clifford COOK, Plaintiff–Appellant,**

v.

**CITY AND COUNTY OF SAN FRANCISCO; et al., Defendants–Appellees.**

No. 08–16820.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 4, 2009.*

Filed Nov. 9, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

John H. Scott, Lizabeth N. de Vries, Esquire, Scott Law Firm, San Francisco, CA, for Plaintiff–Appellant.

Margaret W. Baumgartner, Esquire, Adelmise Roseme Warner, San Francisco City Attorney's Office, San Francisco, CA, for Defendants–Appellees.

## MEMORANDUM **

Clifford Cook appeals the summary judgment in favor of the City and County of San Francisco, and police officers Antonio Flores, Don Sloan, and Marsha Ashe. We affirm for reasons stated by the district court.

In short: A plaintiff must show both discriminatory motive and discriminatory effect to prevail on an equal protection claim. *Wayte v. United States*, 470 U.S. 598, 608, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985). None of the acts upon which Cook relies raises a material factual issue about discriminatory intent. Cook did not ask for an interview before he was arrested (as he now maintains), and made no showing that the refusal to provide one was for racial reasons. Likewise, Flores did not think a bail enhancement was unwarranted on the merits, as Cook now posits; rather, Flores thought an enhancement unnecessary because bail would already be high given the number of charges. Flores also did not testify that the police department always obtained a warrant before arrest, just that it was protocol to let the district attorney go forward with the case to insulate the victim. Nor did Flores purport to say that Cook was the only police officer ever arrested before the warrant review

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

process was completed; his testimony was limited to his own experience. Finally, there is no support for Cook's claim that no other police officer was suspended for domestic violence immediately.

Neither did the district court improperly focus on probable cause, or impermissibly draw inferences in favor of the officers. The court never mentioned probable cause, and quite properly considered Ashe's declaration as bearing on whether Cook's arrest was motivated by racial animus. Cook's contention with respect to inferences lacks force as it requires accepting how he restates the record instead of taking the testimony as it actually is.

As we agree with the district court's analysis, we have no need to reach qualified immunity or *Monell*[1] liability.

AFFIRMED.

---

1. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).